# In the United States Court of Federal Claims

DEE MONBO,

       *Plaintiff,*

v.

THE UNITED STATES,

       *Defendant.*

No. 24-1658

(Filed: August 18, 2025)

*Dee Monbo*, Owings Mills, MD, pro se.

*Kristin Elaine Olson*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

    On October 15, 2024, Dee Monbo, proceeding pro se, filed this bid protest. Plaintiff is the owner and president of Monbo Group International, Ltd. ("MGI"), a Maryland-based corporation. MGI submitted a bid to the National Library of Medicine ("NLM" or "the Agency") to provide acquisition support services but was not awarded the contract. Ms. Monbo brings this suit in her own name to challenge MGI's loss. Compl. at 2, ECF No. 1.[1] She does not sue on MGI's behalf but rather as a sole proprietor involved in a collaboration agreement with MGI. Compl. at 4. Before the Court are the Government's Motion to Dismiss and Plaintiff's Motion for a Protective Order. Mot. to Dismiss, ECF No. 20; Mot. for Protective Order, ECF No. 2.

    Plaintiff's protest fails for two reasons. First, the real party in interest is not Ms. Monbo but MGI, which she may not represent pro se. And second, Ms. Monbo lacks standing under Article III of the Constitution because she suffered no actual injury and her debarment from federal contracting precludes the Court from redressing any of the alleged injuries. For these reasons, and as further explained below, the Government's Motion to Dismiss is **GRANTED**. Because the parties have not filed competition-sensitive information, Plaintiff's Motion for a Protective Order is **DENIED**.

---

[1] Page numbers for the Complaint refer to the ECF assigned numbers.

I.  **Factual Background**

   A.  **Dee Monbo's and MGI's Debarments**

Ms. Monbo is a frequent litigant in this Court. Under the names "Dee Monbo" and "Deafueh Monbo," she has filed nine cases over the last two years.[2] This suit presents nearly identical facts and legal issues as another action dismissed by this Court. *See generally Monbo v. United States*, 175 Fed. Cl. 440 (hereinafter "*Monbo I*"). In yet another case, the Court imposed a pre-filing restriction against Plaintiff "[g]iven [her] history of repetitive litigation and her failure to explain, in response to this court's show-cause order, any valid reason for filing so many cases that are repetitive and meritless." *Monbo*, 2025 WL 1646366, at *1. Plaintiff filed the current case prior to the pre-filing restriction.

Ms. Monbo's role in this case is two-fold. She is the owner and director of MGI, an auditing corporation, and a sole proprietor who, she alleges, works with MGI under a "joint collaboration agreement." Compl. at 4; App. to Def.'s Mot. to Dismiss (hereinafter "Def.'s App.") at 3, ECF No. 20-1. Both MGI and Dee Monbo (as a sole proprietorship) are registered in the federal online System for Award Management ("SAM" or "SAM.GOV") with separate Unique Entity Identification numbers. *Monbo I*, 175 Fed. Cl. at 447. However, they share the same address. *Id.*; Compl. Ex. 5 at 25, ECF No. 1-4. Ms. Monbo alleges the two entities, while separate, "are known to work together and have made agreements to that effect." Compl. at 6. As in *Monbo I*, Plaintiff's Complaint contains a "Joint Collaboration Agreement" between Ms. Monbo and MGI, but the Agreement is so severely redacted that its contents cannot be discerned. 175 Fed. Cl. at 447; Compl. Ex. 5 at 25.

As detailed in public records accessible on SAM and submitted by Defendant, MGI and Dee Monbo were debarred from federal contracting in unrelated proceedings on November 29, 2023. *See generally Monbo I*, 175 Fed. Cl. at 448; *see also* Def.'s App. at 74–84; Pl.'s First Mot. to Stay App. 1, 21–22, ECF No. 21-1. The same is true for Ms. Monbo's alias "Deafueh Monbo." Def.'s App. at 78. Debarred contractors "are excluded from receiving contracts, and agencies shall not solicit offers from, award contracts to, or consent to subcontracts with these contractors." FAR 9405(a); *Monbo I*, 175 Fed. Cl. at 448.

As in *Monbo I*, Plaintiff acknowledges but contests her debarment. 175 Fed. Cl. at 448; Pl.'s First Mot. to Stay 1, ECF No. 21. Ms. Monbo also brought a separate lawsuit to challenge

---

[2] *See Monbo v. United States*, 175 Fed. Cl. 440 (2025); *Monbo v. United States*, No. 24-2139, 2025 WL 1683638 (Fed. Cl. June 16, 2025); *Monbo v. United* States, No 25-325, 2025 WL 1646366 (Fed. Cl. June 10, 2025); *Monbo v. United States*, No. 24-1683, 2025 WL 1466376 (Fed. Cl. May 21, 2025); *Monbo v. United States*, No. 24-1179, 2025 WL 1466202 (Fed. Cl. May 21, 2025); *Monbo v. United States*, No. 24-2083, 2025 WL 704402 (Fed. Cl. Jan. 24, 2025); *Monbo v. United States,* No. 24-890, 2024 WL 5165707 (Fed. Cl. Dec. 19, 2024); *Monbo v. United States*, No. 23-788 (Fed. Cl. dismissed June 9, 2023).

her debarment, which is pending before the U.S. District Court for the District of Columbia ("District Court").  *See* Pl.'s First Mot. to Stay at 2 (citing *Monbo v. United States Dep't of Navy*, No. 24-CV-2547, 2025 WL 1455541, at *1 (D.D.C. filed Aug. 30, 2024)).

### B.     The Solicitation and MGI's Proposal

On May 12, 2023, NLM issued Request for Proposal No. 75N97023Q00042 ("RFP"). Def.'s App. at 85.  NLM sought to contract for acquisition support services for one base year and two option years.  *Id*.  The RFP stated the procurement would be conducted pursuant to FAR subpart 8.4 and the offeror with the best value would receive the award.  *Id.*

Plaintiff alleges her sole proprietorship and MGI submitted a joint proposal on May 26, 2023.  Compl. at 10.  She claims the joint nature of the submission was "indicated on the cover page of the proposal and inside the proposal submitted to the Agency," though the cover page, too, is heavily redacted.  *Id.* at 6.  The legible text reads, "Monbo Group International (MGI) in collaboration with Dee Monbo is pleased to submit this response to [NLM]."  Compl. Ex. 6 at 28.

Defendant provided unredacted versions of Volumes 1 and 4 of MGI's proposal.  *See* Def.'s App. at 21–67.  These excerpts show that MGI was the offeror and do not indicate a collaboration with Dee Monbo.  The cover page of MGI's Volume 1 submission states it was "[s]ubmitted by . . . Dee Monbo" as "Partner" of "Monbo Group International" and listed a "monbogroup.com" email address.  Def.'s App. at 21.  The unredacted version of the cover page Plaintiff supplied lists the "Name . . . of Offeror" as "Monbo Group International, Ltd" and displays only MGI's ID number, not Ms. Monbo's ID.  *Id.* at 22.  The cover page refers to the offeror as "Team MGI"—signed again by Plaintiff in her role as MGI Partner.  *Id.* at 22. Volume 1 describes the offeror as "Team MGI" or "Team Monbo Group" throughout; it does not mention a collaboration or a joint submission with Ms. Monbo's sole proprietorship.  *Id.* at 24–33.  The same is true for Volume 4 of MGI's proposal.  *Id.* at 64–65.  And a form submitted with the proposal lists "Contractor/Offeror" as "Monbo Group International, Ltd.," with Ms. Monbo signing in her role as "Partner."  *Id.* at 66.  After MGI's submission, Ms. Monbo sent an NLM contracting officer a confirmation email, signed "Dee Monbo, CPA, MBA, Monbo Group International."  Compl. Ex. 7 at 30.

### C.     Award and Protests

On June 29, 2023, the Agency awarded the contract to Martek Global Services ("Martek").  Compl. at 10; Def.'s App. at 88.  Plaintiff claims the Agency did not inform her of the awardee's identity.  Compl. at 10.  On July 5, 2023, Ms. Monbo—emailing on behalf of MGI—requested information about the awardee and contract price.  Def.'s App. at 19.  Ms. Monbo requested debriefing on July 7, 2023.  *Id.* at 18.  Two weeks later, an NLM contracting officer provided a debriefing specifically for "Monbo Group International" in accordance with

3

FAR 8.4.  *Id.* at 17.  The debriefing stated that Martek's proposal offered the best value and received the award.  *Id.*

MGI filed a Government Accountability Office ("GAO") protest on July 7, 2023 and two supplemental protests on July 24, 2023 and August 1, 2023.  Def.'s App. at 90–99.  Each protest was signed by Dee Monbo either as MGI's "authorized representative" or "for Monbo Group International."  Def.'s App. at 93, 96, 99.  The first protest acknowledged "MGI submitted the . . . proposal."  *Id.* at 90.  GAO dismissed the protest because it did "not include sufficient information to establish the likelihood that [NLM] violated applicable procurement laws or regulations," and it dismissed the supplemental protests as untimely.  *Id.* at 101–03.

### D. Procedural Background

On October 15, 2024, Ms. Monbo filed this Complaint under her own name, followed by a Motion for Protective Order to seal confidential information.  Compl. at 1; Mot. for Protective Order.  She claims various aspects of NLM's award to Martek were arbitrary and capricious.  *Id.* at 11–25.  Ms. Monbo argues the Agency failed to properly complete a "best value analysis," violated an executive order regarding displacement of qualified workers, and committed gender discrimination against her woman-owned business.  *Id*.  She requests a reevaluation of bids.  *Id.* at 25.  Plaintiff contends she has both Article III standing and statutory standing as an "interested party" under the Tucker Act because her "joint proposal" with MGI makes her an "actual bidder."  *See id.* at 5.  She also asserts jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  *Id.* at 4.

This Court previously advised Plaintiff of Rule 83.1(a)(3)'s requirement for corporate plaintiffs to obtain counsel.  *See Monbo I*, 175 Fed. Cl. at 449.  She has not done so.

On December 30, 2024, the Government filed a Motion to Dismiss on the same grounds as in *Monbo I*.  Mot. to Dismiss at 1–2; *cf. Monbo I*, 175 Fed. Cl. at 449–50.  Initially, the Government argues that because MGI's rights are at issue—not Ms. Monbo's sole proprietorship—Plaintiff's lack of representation violates Rule 83.1(a)(3), and the case must be dismissed under Rule 41(b) for failure to comply with this Court's rules.  Mot. to Dismiss at 1.  Second, the Government contends Ms. Monbo's claim of a "joint proposal" is insufficient to give her either Article III or statutory standing to challenge MGI's non-award.  *Id.* at 1–2.  Finally, the Government asserts that because both Ms. Monbo and MGI are debarred from federal contracting, her suit is futile because neither can receive an award.  *Id.* at 1.

The Court provided Ms. Monbo sixty days to respond to the Motion to Dismiss, thirty-two more days than typically allowed by this Court's rules.  *See* Order Granting Mot. for Extension of Time to File Answer, ECF No. 19; Rules of the Court of Federal Claims (hereinafter "RCFC") 7.2(b).  Plaintiff filed a Motion to Stay pending resolution of the District Court case challenging her debarment from federal procurement.  Pl.'s First Mot. to Stay at 3.  She also requested the due date for her response to the Motion to Dismiss be suspended.  Pl.'s

4

Mot. to Suspend Due Date at 1, ECF No. 22.  The Court denied the stay and the deadline suspension because Plaintiff did not allege sufficient hardship to avoid continuing litigation.  Order Den. Mot. to Stay and Mot. to Suspend Due Date, ECF No. 24.  Plaintiff subsequently filed two identical motions to stay and a request for a forty-five-day extension of time for her response.  Pl.'s Second Mot. to Stay; Pl.'s Third Mot. to Stay; Pl.'s Mot. for Extension of Time, ECF No. 29.  The Court denied these motions for the same reasons.  Order Den. Mots. to Stay and Mot. for Extension of Time, ECF No. 31.

On February 25, 2025, instead of filing a response, Ms. Monbo filed an interlocutory appeal of the Court's Order denying her second and third stay motions and request for a forty-five-day extension.  First Notice of Appeal, ECF No. 33.  On March 25, 2025, Plaintiff attempted to file a response to the Motion to Dismiss, which the Court rejected as defective because the case was stayed during appeal.  Order Rejecting Doc. at 1, ECF No. 34.  On May 19, 2025, the U.S. Court of Appeals for the Federal Circuit dismissed the interlocutory appeal for lack of jurisdiction, because the appeal was not from a "final decision" as required by 28 U.S.C. § 1295(a)(3).  *Monbo v. United States*, No. 2025-1495, 2025 WL 1430672, at *1 (Fed. Cir. May 19, 2025).

Instead of refiling her response, Plaintiff filed a second interlocutory appeal contesting the Court's finding that her earlier response was defective.  Second Notice of Appeal, ECF No. 37.  The Federal Circuit rejected this appeal for the same reason as the first.  *Monbo v. United States*, No. 2025-1826, 2025 WL 1982749, at *1 (Fed. Cir. July 17, 2025).  By leave of this Court, Plaintiff's earlier defective filing was refiled as her Response to Defendant's Motion to Dismiss.  Pl.'s Resp., ECF No. 39.  In that Response, Plaintiff argues an unrelated 2023 decision by the District Court—which concerned a separate bid protest brought by Plaintiff that was dismissed for lack of jurisdiction—establishes her as an "interested party" in the NLM solicitation and bars Defendant's jurisdictional challenge under the doctrines of res judicata and collateral estoppel.  Pl.'s Resp. at 2–3.  Ms. Monbo asserts the District Court decision "trumps" this Court's holding in *Monbo I*.  Pl.'s Resp. at 1–2, ECF No. 39 (citing *Monbo v. United States*, No. CV 23-2425, 2023 WL 8354885 (D.D.C. Dec. 1, 2023)).  She also contests the legality of her debarment by the Navy.  *Id.* at 2.  Defendant did not reply to this filing.  The Government's Motion to Dismiss is now ripe for resolution.

**II.    Standard of Review**

In proceedings before this Court, "[a]n individual who is not an attorney . . . may not represent a corporation, an entity, or any other person in proceedings before this court." RCFC 83.1(a)(3).  A case may be dismissed under Rule 41(b) when the plaintiff fails to comply with the Court's Rules, including Rule 83.1(a)(3).  *Monbo I*, 175 Fed. Cl. at 450

Parties may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) when a Plaintiff lacks constitutional standing.  "For a party to have standing, it must satisfy constitutional requirements . . . and also demonstrate that it is not raising a third party's legal

rights." *Starr Int'l Co. v. United States*, 856 F.3d 953, 964 (Fed. Cir. 2017) (citing *Kowalksi v. Tesmer*, 543 U.S. 125, 128–29 (2004)). "To survive a motion to dismiss for lack of standing, a complaint must contain sufficient factual matter that would plausibly establish standing if accepted as true." *BCG Fed. Corp. v. United States*, 172 Fed. Cl. 543, 551 (2024) (quoting *Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1355 (Fed. Cir. 2018)). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, [she], nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Diaz v. United States*, 127 Fed. Cl. 664, 669 (2016), *aff'd*, 853 F.3d 1355 (Fed. Cir. 2017) (citation omitted).

Under the doctrine of issue preclusion, also known as collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted). The purpose of the doctrine is to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate." *Id.* Issue preclusion applies even when the precluding judgment comes into existence while the case is pending. *Monbo*, No. 25-325, 2025 WL 1646366, at *4 (citing *MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1376 (Fed. Cir. 2018)).

### III.   Discussion

This case presents parallel facts and claims as *Monbo I*. There, Ms. Monbo filed a bid protest with this Court after failing to win a contract with the General Services Administration. *Monbo I*, 175 Fed. Cl. at 448. As here, she filed the suit pro se, despite the Court's instruction to obtain counsel under Rule 83.1(a)(3). *See id.* at 449. In both protests, she styled the proposal as a "joint collaboration" between MGI and herself as a sole proprietor, though the bid documents exclusively describe MGI as the offeror. *See id.* at 448–49. And in each case, both she and MGI were debarred from federal procurement by the time she submitted a bid protest. *See id.* at 448. Accordingly, *Monbo I's* grounds for dismissing Ms. Monbo's claim apply equally here: (1) she cannot represent her company as a non-attorney by superficially alleging it bid in "collaboration" with herself as a sole proprietor; and (2) her sole proprietorship lacks Article III standing to bring this protest.

#### A.   The Real Party in Interest Is Unrepresented.

As in *Monbo I*, "the facts . . . indicate [Ms. Monbo] seeks to prosecute claims on behalf of MGI. She cannot do so under Rule 83.1(a)(3)." *Id.* at 453.

"An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person." RCFC 83.1(a)(3); *see also Balbach v. United States*, 119 Fed. Cl. 681, 683 ("A corporation appearing before the United States Court of Federal Claims . . . must be represented by an attorney.") (cleaned up) (quoting *Affourtit v. United States*, 79 Fed. Cl. 776, 779–80 (2008)). The Court

6

cannot waive this rule. *Balbach*, 119 Fed. Cl. at 683 (citation omitted). The rule derives from the principle that "a corporation is a legal entity distinct from its officers and shareholders." *Advanced Sys. Tech., Inc. v. United States*, 69 Fed. Cl. 355, 357 (2006) (quoting *Finast Metal Prods., Inc. v. United States*, 12 Cl. Ct. 759, 761 (1987)).

Furthermore, "[a]n action must be prosecuted in the name of the real party in interest." RCFC 17(a). In other words, "the plaintiff is the person who possesses the right to be enforced." *Monbo I*, 175 Fed. Cl. at 454 (quoting *Anchor Sav. Bank, FSB v. United States*, 121 Fed. Cl. 296, 313 (2015)) (citation omitted). To determine whether a pro se plaintiff truly files a bid protest on behalf of a separate entity, the Court may examine exhibits, the nature of the relationship between the plaintiff and the entity, correspondence between the plaintiff and the soliciting agency, and representations by the parties. *See Monbo I*, 175 Fed. Cl. at 454 (citations omitted).

In *Monbo I*, this Court ruled that MGI, not Ms. Monbo, was the proper party in interest based on bid forms that identified the "Offeror" as MGI, representations by Plaintiff to the soliciting agency that she was a "point of contact" for MGI, and communications from the agency exclusively addressed to MGI. *Monbo I*, 175 Fed. Cl. at 454 (citations omitted). Here, identical evidence leads to an identical conclusion. The forms Plaintiff submitted to NLM identify only MGI as the "Offeror." Compl. Ex. 6 at 28; Def.'s App. at 21–22, 64–66. The bid's cover page states MGI makes the offer "in collaboration with Dee Monbo." Def.'s App. at 22. But it included only MGI's information as offeror, and it listed only MGI's Unique Entity ID number, even though Ms. Monbo's sole proprietorship possesses its own ID number. *See id.* In subsequent communications with the Agency, Ms. Monbo declares herself MGI's representative, not a sole proprietorship or a joint collaboration. Def.'s App. at 17–19, 93–94, 96, 99. Ms. Monbo requested a debrief letter for "Monbo Group," and NLM accordingly addressed its response to "Monbo Group International." Def.'s App. at 17. In short, the record leaves no doubt that MGI is the sole offeror and the proper party in interest. And because MGI is a registered corporation, Ms. Monbo cannot represent it pro se.

### B. Plaintiff Lacks Article III Standing.

Ms. Monbo lacks Article III standing to contest NLM's award of this bid, just as she lacked standing in *Monbo I*. To establish Article III standing, a plaintiff must prove (1) an injury-in-fact, which is (2) causally linked to the challenged action and (3) redressable by a favorable ruling. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff's injury-in-fact must be "concrete and particularized" and "actual or imminent," not "conjectural or hypothetical." *Id.* at 560. "[S]tanding is a threshold jurisdictional issue." *Myers Investigative and Security Serv's, Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (reversed on other grounds). To resolve a factual dispute on a jurisdictional issue, a court may consider relevant evidence outside the plaintiff's allegations. *Monbo I*, 175 Fed. Cl. at 447, 450 (citing *Reynolds*, 846 F.2d at 747).

7

Plaintiff has suffered no injury-in-fact. As explained above, the sole proprietorship never submitted an offer; MGI did. Thus, NLM's award to Martek inflicted no "actual" injury to the sole proprietorship.

Even if Plaintiff sustained injuries, they could not be remedied by this Court because she is debarred from federal procurements. An alleged injury is redressable if it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. An injury is not redressable when granting a favorable decision "is beyond both the scope of [the] case and the court's jurisdiction." *See Silver Buckle Mines, Inc. v. United States*, 136 Fed. Cl. 179, 185 (2018) (citation omitted). Plaintiff asks the Court to terminate the Martek contract and order NLM to perform the solicitation anew. However, Ms. Monbo was debarred from federal procurements when the bid was submitted, and she remains debarred. Agencies cannot award contracts to debarred contractors. FAR 9.405(a); *MED Trends, Inc. v. United States*, 101 Fed. Cl. 638, 646 (2011). Because neither Ms. Monbo nor MGI can receive an award, they lack Article III standing.

The Court also cannot address Plaintiff's argument that the debarments were illegal. It may only review a debarment when the "challenged suspension was connected to the protested procurement because the suspension was imposed by the procuring agency." *Monbo I*, 175 Fed. Cl. at 456 (quoting *MED Trends, Inc.*, 101 Fed. Cl. at 650). The NLM did not debar Ms. Monbo in connection with the procurement. Therefore, this Court does not have jurisdiction over her debarment. *See Emiabata v. United States*, 151 Fed. Cl. 610, 618 (2020) (holding the Court lacks jurisdiction to review a suspension "not in any way connected to an otherwise responsive bid").

Furthermore, *Monbo I* precludes Plaintiff's claims. This Court has already ruled that she lacks Article III standing to bring bid protests while she remains debarred. *See Monbo I*, 175 Fed. Cl. at 457. The facts of Plaintiff's debarment have not changed; therefore, under the doctrine of issue preclusion, the Court's determination in *Monbo I* that she lacks standing is conclusive here. *See Montana*, 440 U.S. at 153; *Monbo*, 2025 WL 1646366, at *4.

### IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 20, is **GRANTED** without prejudice. Plaintiff's Motion for a Protective Order, ECF No. 2, is **DENIED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge